JUDGE LINDSAY
delivered the opinion of the court.
The act of March 7th, 1873 (Session Acts 1873, volume 1, page 16), provided that all equity causes pending in the Hickman Circuit Court should be transferred to the Hickman Court of Common Pleas. It also prescribed the duty of the clerk of the two courts relative to such transfer, and conferred jurisdiction upon the last-named court to try and determine the causes that should be transferred in accordance with its lequirements.
*200 The act of February 10th, 1874 (Session Acts 1873, p. 284), is entitled “An act to amend the act” just mentioned.
The first section conforms in every respect to its title, and relates to no subject not fairly embraced by it. But the latter clause of the second section undertakes to do more than to amend, modify, or regulate the mode of transfer, or to define and regulate the jurisdiction of the two courts as to the causes referred to in the first act. It provides that the circuit court shall have no original jurisdiction in equity causes which may thereafter be instituted in Hickman County.
It is clear that the act relates to more than one subject, and that the jurisdiction of the Hickman Circuit Court as to equity causes to be thereafter instituted is not referred to directly nor indirectly in its title, and that such jurisdiction has no necessary or natural connection with the subjects embraced by that title.
"We are therefore constrained to hold that the said second section, to the extent that it relates to the original jurisdiction of the Hickman Circuit Court, is in conflict with the 37th section of the 2d article of the state constitution, and is void and of no effect. Hence the jurisdiction of said court as to this cause is not open to question.
The Mobile & Ohio Railroad Company is not a necessary party to this action. It may be a proper party; but until it asks to be allowed to become a party and to make defense, that question need not be determined.
The tract of land was sold and conveyed directly to Rushing, and the note for the balance of the purchase price was made and executed by him in his individual capacity. The appellees are in no wise affected by their knowledge of the fact that he purchased for the railroad company. Their contract is with him, and their lien upon the land secures to them the payment of the purchase-money due and unpaid, and also the payment of the interest accruing thereon, under their orig *201 inal or under any subsequent contract on that subject not inconsistent with the laws of this state. If Rushing is, as he alleges, the representative of the railroad company in the matter of purchasing and paying for this land, then the company is bound by his contract for the payment of legal interest, for indulgence or forbearance by the appellees in enforcing the payment of the unpaid purchase-money.
But we are of opinion that the judgment is for too great an amount of interest. The note upon its face bears interest at the rate of six per cent per annum. By a special contract, evidenced alone by the letter of Rushing on file in the cause, he promised “to pay ten per cent per annum on the note and interest due 8th of July till 21st of December,” 1873. Ten per cent interest can not be collected unless the contract for its payment be in writing and signed by the party to be charged. This letter is the written memorandum upon which appellees rely. By its terms Rushing is bound to pay at the rate of ten per cent per annum on the aggregate amount due on the note on the 8th of July, 1873, until the 21st of December thereafter. The letter fixes the date at which he is to commence paying, and also fixes the date at which the special contract is to terminate. The chancellor could not allow ten per cent interest for a longer period than that fixed by the contracting parties, and it was error to compute at the rate of ten per cent up to the time of the judgment.
We express no opinion as to the general rule of’computing interest in eases in which the parties leave it open as to whether the conventional rate is to be paid until the debt is satisfied or until it falls due. We are of opinion that the written contract in this case by its own terms settles that question.
For this error alone the judgment is reversed. The cause is remanded for a judgment conforming to the views expressed in this opinion.